## CLARK W. HAYDEN v. CORA HAYDEN.

No. 14,759.    (88 Pac. 257.)

### SYLLABUS BY THE COURT.

DIVORCE—*Abandonment by Wife—Custody of Child.* Under the facts of this case it is held that upon the granting of a divorce to a husband who had been abandoned by his wife the custody of their infant child, which the mother sent back to its father after her desertion, should continue with him.

Error from Cloud district court; WILLIAM T. DILLON, judge. Opinion filed December 8, 1906. Modified and remanded.

*Hugh Alexander,* for plaintiff in error.
*Theodore Laing,* for defendant in error.

The opinion of the court was delivered by

BURCH, J.: The district court awarded the plaintiff a divorce from his wife on the ground of abandonment, but deprived him of the custody of his child, and rendered a judgment against him for alimony in the sum of $3000. He complains of the adverse portions of the judgment.

It would be unprofitable to enter into a full discussion of the facts, and the rules of law applicable to the case,

so far as there are any, are well understood. It is sufficient to say that the child was unwelcome to its mother. It came, she asserts, in opposition to an antenuptial agreement. She feels that bearing it and caring for it seriously impaired her health. Without complaining to her husband of anything except his broken promise, and without endeavoring to harmonize their lives, as her duty to herself, to him, to the child and to society required, she left him, without warning, taking the child with her. Then she declared she would give up her baby, if necessary, to be free. He followed her, told her he wanted both her and the child, and wanted them both to come home. She led him to believe she would return in a day or so. Instead of going home she detached the baby's helpless, nursing mouth from her breast and sent it back to its father by a messenger, with a note saying that if he did not want it she would gladly take it and care for it. This was in May. The first alfalfa harvest was on and corn plowing and wheat harvest followed. Hands could not be procured, but the father did not for a moment neglect his child. He let the crops go and took care of his boy. He carried him safely through the weaning period, through the perilous summer months, through teething, and there is not a word in the record to show that anybody could give the child any better care than it has had and is now receiving. Not a syllable of testimony was offered to show that the situation of the child could be improved. It is bright and intelligent, sound and healthy, and is developing in a perfectly satisfactory manner. There are daughters in the family, the eldest now being about eighteen years of age.

The court fully appreciates the sentiments of the learned district judge who tried the case. Every child should have the care of its mother, but every child is also entitled to the care of both its father and mother at their own fireside. The mother has no home except that offered by her parents, who have been quite un-

settled for some time and have moved about from place to place in search of health. There is no risk whatever to the boy in leaving him where he is, and ordinarily this is equivalent to saying it is best to leave him where he is.

Besides what has been said it may be observed that the state is intensely interested in this controversy. It can lend no encouragement to the wilful breaking up of its families and homes; and to set the defendant free, as she determined to be regardless of consequences, to give the child to her and to mulct the father for their maintenance in an independent establishment would be to foster contempt for the sacredness and the solemn responsibilities of the marriage relation. It is true the husband was not by any means faultless. He was not sufficiently considerate or sympathetic, but the evidence clearly shows the wife had no ground for divorce, as the court decided, and her desertion ought not virtually to be rewarded.

The judgment should be modified by giving the custody of the child to its father, allowing the mother abundant opportunity to visit it, and the privilege of taking it on frequent occasions, security being given for its return. Since under the decisions of this court the judgment rendered relieved the father from the support of the child, it is obvious the alimony awarded was in part for its benefit. Therefore, the amount should be reduced $1000, each payment as fixed by the court being reduced by one-third. The cause is remanded.

All the Justices concurring.